# IN THE COURT OF APPEALS OF IOWA

No. 20-0703
Filed August 5, 2020

**IN THE INTEREST OF B.B.,**
**Minor Child,**

**D.B., Father,**
   Appellant.
_____

   Appeal from the Iowa District Court for Linn County, Cynthia S. Finley, District Associate Judge.

   A father appeals the termination of his parental rights.  **AFFIRMED.**

   Michael M. Lindeman of Lindeman Law, Cedar Rapids, for appellant father.

   Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

   Kimberly A. Opatz of Linn County Advocate, Inc., attorney and guardian ad litem for minor child.

   Considered by Tabor, P.J., Schumacher, J., and Scott, S.J.*

   *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**SCOTT, Senior Judge.**

A father[1] appeals the termination of his parental rights to his child, born in 2016, pursuant to Iowa Code section 232.116(1)(h) (2019).[2]  Our review is de novo.  *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019).  Our primary consideration is the best interests of the child, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the child's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011); *see also* Iowa Code § 232.116(2).

First, the father claims the evidence was insufficient to satisfy the final element of section 232.116(1)(h)—that the child could not be returned to his care at the time of the termination hearing.  *See* Iowa Code § 232.116(1)(h)(4) (requiring clear and convincing evidence that the child cannot be returned to parental custody at the present time); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing").  But the father confirmed in his testimony he is unable to financially support himself; he certainly could not provide financial support for a child.  He also testified he could not meet the child's housing needs at the time of the termination hearing.  In addition to his financial problems, the father failed to cooperate with drug testing and mental-health treatment.  He was not engaged during and missed many visits with the child.  We find the evidence clear and convincing that the child could not be returned to paternal custody at the time of the termination hearing.

---

[1] This thirty-one-year-old father has a long history of substance abuse, dating back to the tender age of fourteen years.
[2] The mother consented to termination of her parental rights.  She does not appeal.

In his sufficiency-of-the-evidence argument, disposed of above, the father also argues: "[T]ermination is not in the child's best interest. [The father] has a clear bond with his child . . . and loves her very much." Assuming without deciding the vague argument is sufficient to facilitate appellate review and having given "primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child" in our de novo review, Iowa Code § 232.116(2), we conclude termination is in the child's best interests. As to the parent-child bond, *see id.* § 232.116(3)(c), the family safety, risk, and permanency services provider expressly testified the child has not "shown a lot of excitement" to see the father at visits and there was a "lack of affection" in the parent-child relationship. The social worker assigned to the case similarly described the parent-child bond as "minimal." And we note the application of the statutory exceptions to termination is "permissive, not mandatory." *In re M.W.*, 876 N.W.2d 212, 225 (Iowa 2016) (quoting *In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014)). Upon our de novo review, we find the father failed to meet his burden to show "termination would be detrimental to the child . . . due to the closeness of the parent-child relationship." *See In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (noting parent bears burden to establish exception to termination). The exception to termination is therefore inapplicable.

Having considered the issues properly presented,[3] we affirm the termination of the father's parental rights.

**AFFIRMED.**

---

[3] The father passively requested a six-month extension to work toward reunification below but does not raise the issue on appeal. We do not consider whether an extension would have been appropriate. *See In re A.T.*, 799 N.W.2d 148, 150–151 (Iowa Ct. App. 2011) (noting we only review "issues properly presented" on appeal).